Marc J. Randazza, Esq.
CA Bar No. 269535
Randazza Legal Group
10620 Southern Highlands Pkwy #110-454
Las Vegas, NV 89141
888-667-1113
305-437-7662 fax
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

Liberty Media Holdings, LLC )  Case No. 11-CV-651-IEG-JMA
A California Corporation )
 ) **Declaration of Marc Randazza in Support**
        Plaintiff, ) **of First Amended Complaint**
 )
    vs. )
 )
Cary Tabora and Schulyer Whetstone )
 )
 )
        Defendant. )

I, Marc J. Randazza, declare under penalty of perjury that:

1. I am the attorney for Plaintiff Liberty Media Holdings in the above-captioned case, and as such, have personal knowledge of the facts contained herein.

2. On April 29, 2011, my process server reported that Cary Tabora was served with a copy of the summons and complaint in this Action.

3. Shortly after being served, Mr. Tabora contacted me in order to discuss the claims against him. As a result, I engaged in a series of conversations with Mr. Tabora, which occurred during the first two weeks of May 2011.

4. Prior to initiating any conversation, I explained FRE 408 to Mr. Tabora and asked if he wanted to discuss settlement under FRE 408, or if he simply wanted to talk. Mr. Tabora indicated that settlement discussions were premature. During our conversations, Mr. Tabora stated that his roommate (who he identified as a Mr. Schulyer Whetstone) was the party who illegally downloaded and subsequently distributed the motion picture, "Down on the Farm" (hereinafter the Work).

5. Mr. Tabora informed me that he knew that Mr. Whetstone regularly engaged in copyright infringement by file sharing music and motion pictures. Mr. Tabora stated that he had full knowledge of his roommate's actions, that he knew his actions constituted illegal copyright infringement, yet he continued to allow the conduct to take place by allowing Mr. Whestone to access to the Internet connection which was in Mr. Tabora's name.

6. Mr. Tabora stated to me that "I was negligent," by allowing Whetstone to continue his infringing conduct, and additionally that he was aware that Whetstone's actions could likely result in legal consequences for both himself and Whetstone.

7. Mr. Tabora additionally stated to me that, as he was afraid of legal action against him, he advised Mr. Whetstone that the Internet connection should be placed in Whetstone's name.

8. As Mr. Tabora related events to me, despite this, no action was ever taken, and Mr. Tabora continued to allow Mr. Whetstone to use his Internet connection for illegal purposes despite Mr. Tabora's full actual knowledge of Mr. Whetstone's actions.

9. As a result of these conversations, on May 16, 2011, I drafted the attached Notice to Preserve Evidence to Mr. Whetstone. I was advised by my process server that (after repeated attempts) this notice served on May 19, 2011. See Attachment A.

10. During our last lengthy conversation, after all of the above information was revealed, I reminded Mr. Tabora of FRE 408, and asked if he wanted to discuss settlement under its protection. He obliged thereafter, but discussions were not productive.

Dated: July 19, 2011

*[signature: Marc J. Randazza]*

Marc J. Randazza
CA Bar No. 269535
Randazza Legal Group
10620 Southern Highlands Pkwy #110-454
Las Vegas, NV 89141
888-667-1113
305-437-7662 (fax)
mjr@randazza.com
Attorney for Plaintiff, Liberty Media Holdings

**Attachment A**

Marc J. Randazza, Esq. SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

| | |
|---|---|
| Liberty Media Holdings, LLC <br> A California Corporation <br><br> Plaintiff, <br><br> vs. <br><br> Cary Tabora <br><br> Defendant. | Case No. 11-CV-651-IEG-JMA <br><br> **NOTICE TO PRESERVE EVIDENCE TO SCHULYER WHETSTONE** |

Plaintiff, Liberty Media Holdings, hereby places the recipient on notice that:

  1.  As of the date of service of this Notice in this matter, Plaintiff hereby puts the recipient on notice regarding the use of your networked computers, including any shared computers or servers, personal computer(s), or laptop/notebook computer(s), or any other data storage device which may store any information relevant to the Liberty Media Holdings d/b/a Corbin Fisher (Liberty) or any of Liberty's copyrighted works.  If any of the aforementioned computers and/or storage devices are used in a manner which alters or destroys any or all information of any type, you may be liable for spoliation of evidence.  Accordingly, you are hereby on notice to preserve the evidence on any and all of these computers and/or electronic devices, including any information that may show the use of BitTorrent or other file sharing software on your computer.

  2.  You should stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of this electronic data.

  3.  You should not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter.

1

4. You should not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter.

5. You should not disable your current email address sawhetstone@gmail.com.

6. All information preserved in this manner shall remain in your possession in a secure location so as to avoid tampering with evidence. You will not be under an obligation to produce such information until served with a formal request from Plaintiff.

Dated: May 16, 2011

*[signature]*

Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com
Attorney for Plaintiff, Liberty Media Holdings