1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| LIBERTY MEDIA HOLDINGS, LLC, a California corporation, | CASE NO. 11-cv-651 - IEG (JMA) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING DEFENDANT'S MOTION TO DISMISS** |
| | [Doc. No. 9] |
| CARY TABORA, | **(2) GRANTING PLAINTIFF'S MOTION TO WITHDRAW FIRST AMENDED COMPLAINT** |
| Defendant. | [Doc. No. 7] |

18    Presently before the Court is Defendants' motion to dismiss for lack of personal

19 jurisdiction and improper venue. [Doc. No. 9.]  The motion has been fully briefed and is suitable

20 for disposition without oral argument under Civil Local Rule 7.1(d)(1).  Plaintiff has also filed a

21 motion to withdraw its first amended complaint.  [Doc. No. 7.]  For the reasons set forth below, the

22 Court **GRANTS** Defendant's motion to dismiss and **GRANTS** Plaintiff's motion to withdraw its

23 first amended complaint.

24                                    <u>**BACKGROUND**</u>

25    This is an action for copyright infringement.  Plaintiff is the creator and publisher of adult

26 films. [Doc. No. 1, Compl ¶ 5.]  Some of Plaintiff's films are accessible through Plaintiff's

27 website and others are available on DVD for purchase. [<u>Id.</u> ¶¶ 6-7.]  Plaintiff alleges that it

28 identified Defendant through his I.P. address as uploading onto his computer one of Plaintiff's

1    copyrighted works, "Down on the Farm," which is only available on DVD.  [Id. ¶¶ 8-9.]  Plaintiff

2    alleges that Defendant then distributed Plaintiff's work using an online distribution system, Bit

3    Torrent, to the public without Plaintiff's permission or consent.  [Id. ¶ 12.]

4         Plaintiff brought the present action against Defendant alleging a cause of action for

5    copyright infringement.  [Id. ¶¶ 9-16.]  By the present motion, Defendant seeks to dismiss

6    Plaintiff's complaint for lack of personal jurisdiction and improper venue.  [Doc. No. 9.]

7                                          **DISCUSSION**

8    **I.      Personal Jurisdiction**

9         Defendant argues that Plaintiff's complaint should be dismissed for lack of personal

10   jurisdiction because Defendant is a New York resident and has no contacts with California.  [Doc.

11   No. 9-2 at 3-8.]  Plaintiff argues that this Court has personal jurisdiction over Defendant because

12   he agreed to a forum selection clause when he joined Plaintiff's website.  [Doc. No. 10 at 3-9.]

13   Plaintiff also argues that this Court has specific jurisdiction over Defendant because he knew that

14   his acts of copyright infringement would cause harm in San Diego and jurisdiction in San Diego is

15   reasonable.  [Id. at 10-19.]

16        **A.      Legal Standards**

17        "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis.  First,

18   the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.

19   Second, the exercise of jurisdiction must comport with federal due process."  Chan v. Soc'y

20   Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994).  California's long-arm statute, CAL. CIV.

21   PROC. CODE § 410.10, allows courts to "exercise jurisdiction on any basis not inconsistent with the

22   Constitution of [California] or of the United States."  "This provision allows courts to exercise

23   jurisdiction to the limits of the Due Process Clause of the U.S. Constitution."  Dow Chem. Co. v.

24   Calderon, 422 F.3d 827, 831 (9th Cir. 2005).  Thus, the governing standard here is whether

25   exercise of personal jurisdiction comports with due process.  Id.

26        "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant

27   must have at least 'minimum contacts' with the relevant forum such that the exercise of

28   jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).  "There are two types of personal jurisdiction: general and specific."  Ziegler v. Indian River Cnty., 64 F.3d 470, 473 (9th Cir. 1995).  Here, Plaintiff does not argue that the Court has general jurisdiction over Defendant.  Therefore, the only issue is whether the Court has specific jurisdiction over Defendant.

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzeneggar, 374 F.3d at 802.  "The plaintiff bears the burden of satisfying the first two prongs of the test."  Id.  If the plaintiff fails to satisfy either of the first two prongs, personal jurisdiction is not established in the forum state.  Id.  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  Id.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  Schwarzenegger, 374 F.3d at 800.  "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'"  Id.  The reviewing court need "only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction."  Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).  "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true."  Schwarzenegger, 374 F.3d at 800 (citations omitted).

///

///

1

**B.      Forum Selection Clause**

2        Plaintiff first argues that this Court has personal jurisdiction over Defendant because he

3  agreed to a forum selection clause when he joined Plaintiff's website.  [Doc. No. 10 at 3-9.]

4  Defendant argues that the terms and conditions agreement from Plaintiff's website does not apply

5  to this lawsuit because it is unrelated to Plaintiff's claim for copyright infringement.  [Doc. No.

6  9-2 at 6-7.]

7        The Ninth Circuit has recognized that the acceptance of a forum selection clause

8  constitutes consent to personal jurisdiction in the identified forum.  See SEC v. Ross, 504 F.3d

9  1130, 1149 (9th Cir. 2007); Dow Chem., 422 F.3d at 831; see also Burger King Corp. v.

10 Rudzewicz, 471 U.S. 462, 474 n.14 (1985) (stating that when contractual forum selection clauses

11 "have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,'

12 their enforcement does not offend due process.")  However, for a court to give significant weight

13 to a forum selection clause, the party seeking to enforce the clause must show that the clause

14 governs plaintiff's claims.  See, e.g., Alcatel Lucent USA, Inc. et al. v. Dugdale Commc'ns, Inc.,

15 2010 U.S. Dist. LEXIS 22226, at *38 (C.D. Cal. Mar. 5, 2010); Nureau Ink, LLC v. Zomba

16 Recording, LLC, 2006 U.S. Dist. LEXIS 87240, at *7-11 (S.D. Cal. Nov. 29, 2006).

17       Plaintiff has presented a declaration stating that Defendant was a member of its website for

18 two years, from October 27, 2008 until October 17, 2010.  [Doc. No. 11, Declaration of Brian

19 Dunlap ("Dunlap Decl.") ¶ 5.]  All members of Plaintiff's website are required to consent to the

20 terms and conditions of the website in order to join, and it is technologically impossible to join the

21 website without doing so.  [Id. ¶ 7.]

22       Section 11.5.1 of Plaintiff's terms and conditions agreement as it existed on October 27,

23 2008 provides:

24       This Agreement and all matters arising out of, or otherwise relating to, this
         Agreement shall be governed by the laws of the State of California, excluding its
25       conflict of law provisions.  The sum of this paragraph is that any and all disputes
         must be, without exception, brought to court and litigated in San Diego, California.
26

   [Id. Ex. L § 11.5.1 (emphasis added).]
27

28       However, section 1.1 of the terms and conditions agreement states "[t]he provisions of this

   Agreement will govern your use of our website."  [Id. § 1.1; see also id. § 5 ("Restriction on Use

1    of Website(s)").]  Plaintiff's sole claim for copyright infringement is based on the alleged copying

2    of Plaintiff's copyrighted work, "Down on the Farm."  [Compl. ¶¶ 8-16.]  The complaint alleges

3    that this work is only available in DVD format.  [Id. ¶ 8.]  Plaintiff's complaint and supporting

4    affidavits provide no facts linking the DVD to its website.  Accordingly, Plaintiff's claim is based

5    on Defendant's use of one of Plaintiff's DVDs not the use of its website, and the forum selection

6    clause in Plaintiff's terms and conditions agreement does not govern Plaintiff's claim.  Therefore,

7    the forum selection clause does not confer personal jurisdiction over Defendant in the present

8    action.

9            **C.     Specific Jurisdiction**

10           Plaintiff argues that this Court has specific jurisdiction over Defendant because he knew

11   that his acts of copyright infringement would cause harm in San Diego and jurisdiction in San

12   Diego is reasonable.  [Doc. No. 10 at 10-19.]  Defendant argues that there is no specific

13   jurisdiction because he did not purposefully direct his conduct towards California and did not

14   know that Plaintiff was located in California.  [Doc No. 9-2 at 4-6.]

15           The first prong of the three-part Schwarzenegger test looks at whether Defendant

16   "purposefully availed itself of the privilege of conducting activities in California, or purposefully

17   directed its activities toward California."  Schwarzenegger, 374 F.3d at 802.  The Ninth Circuit has

18   explained that "purposeful direction" is the proper analytical framework for claims of copyright

19   infringement, which are often characterized as a tort.  Brayton Purcell LLP v. Recordon &

20   Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010).

21           Courts evaluate "purposeful direction using the three-part 'Calder-effects' test," from the

22   Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984).  Brayton Purcell, 606 F.3d at

23   1128.  Under this test, "the defendant allegedly must have (1) committed an intentional act, (2)

24   expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

25   suffered in the forum state."  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433

26   F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted).

27           The "intentional act" element of the Calder test is easily satisfied in a copyright

28   infringement case.  See Brayton Purcell, 606 F.3d at 1128.  Plaintiff alleges that Defendant

1  committed an intentional act when he upload Plaintiff's copyrighted work from a DVD and

2  distributed it over the internet without Plaintiff's permission or consent.  [Compl. ¶¶ 8, 12.]

3      The second element of the Calder test "requires that the defendant's conduct be expressly

4  aimed at the forum."  Brayton Purcell, 606 F.3d at 1129.  Plaintiff's complaint contains no

5  allegation that Defendant's conduct was expressly aimed at California.  The complaint only alleges

6  that Defendant distributed Plaintiff's copyrighted work through an online distribution system.

7  [Compl. ¶ 12.]  However, "mere web presence is insufficient to establish personal jurisdiction."

8  Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 460 (9th Cir. 2007).  Without

9  allegations or affidavits stating that Defendant distributed or aimed to distribute the work to

10  California, Plaintiff has failed to satisfy the second element of the Calder test.  See, e.g., Mavrix

11  Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1229-31 (9th Cir. 2011) (finding defendant's

12  conduct was expressly aimed at California where "it is clear from the record that [defendant]

13  operated a very popular website with a specific focus on the California-centered celebrity and

14  entertainment industries").

15      "The final element requires that [Defendant's] conduct caused harm that it knew was likely

16  to be suffered in the forum."  Brayton Purcell, 606 F.3d at 1131.  Plaintiff argues that it was

17  foreseeable that Defendant's infringement would cause harm in California because Defendant

18  knew that Plaintiff was located in San Diego.  [Doc. No. 10 at 12-14.]  There are no allegations in

19  the complaint stating that Defendant committed infringing acts knowing Plaintiff was a resident of

20  California.  [See Compl.]  In support of its argument, Plaintiff has only produced a declaration

21  stating that its website records show that Defendant has downloaded 157 videos from its website,

22  144 of which contain a title screen indicating that Plaintiff's company is located in San Diego,

23  California, and 13 of which contain a title screen indicating that the company is located in Tampa,

24  Florida.  [Doc. No. 15, Declaration of Erika Dillon ("Dillon Decl.") ¶ 6.]  The declaration says

25  nothing about the DVD at issue in this case and what its title screen says.  This evidence by itself

26  is insufficient to show that Defendant knew that the DVD was Plaintiff's copyrighted work and

27  Plaintiff was a resident of California.  Absent allegations that Defendant knew Plaintiff was a

28  California resident, Plaintiff has not satisfied the "forseesability" element of the Calder test.  See

1   Brayton Purcell, 606 F.3d at 1131; see also CYBERsitter, LLC v. P.R.C., 2011 U.S. Dist. LEXIS

2   84722, at *35-36 (C.D. Cal. Aug. 1, 2011) (finding forseeability where "Plaintiff has alleged that

3   [Defendants] knew Plaintiff was an American company and that their actions would cause injury

4   to Plaintiff within California").

5           In sum, the Court concludes that Plaintiff has failed to satisfy the second and third elements

6   of the Calder-effects test.  Therefore, Plaintiff has not shown that Defendant purposefully directed

7   his activities toward California, and Plaintiff has not made a prima facie showing that this Court

8   has specific jurisdiction over Defendant.  Accordingly, because Plaintiff has not shown that this

9   Court has specific jurisdiction over Defendant or that Defendant consented to personal jurisdiction

10  in this action through a forum selection clause, the Court **DISMISSES WITHOUT PREJUDICE**

11  Plaintiff's complaint for lack of personal jurisdiction.

12  **II.     Venue**

13          Defendant also argues that Plaintiff's complaint should be dismissed for improper venue

14  pursuant to 28 U.S.C. § 1406(a).  [Doc. No. 9-2 at 8-10.]  Because the Court dismisses Plaintiff's

15  complaint for lack of personal jurisdiction, the Court does not address Defendant's arguments

16  regarding improper venue.

17  **III.    Plaintiff's Motion to Withdraw First Amended Complaint**

18          On July 18, 2011, Plaintiff filed a first amended complaint.  [Doc. No. 4.]  On August 12,

19  2011, Plaintiff filed a motion to withdraw its first amended complaint.  [Doc. No. 7.]  In the

20  motion, Plaintiff concedes that its amended pleading was filed in violation of Federal Rule of Civil

21  Procedure 15(a) because it was filed more than 21 days after service of the complaint and without

22  leave of the Court or consent of the opposing party.  [Id.]  See FED. R. CIV. P. 15(a)(1)-(2).

23  Accordingly, the Court **GRANTS** Plaintiff's motion to withdraw its first amended complaint.

24  ///

25  ///

26  ///

27  ///

28  ///

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint for lack of personal jurisdiction. The Court also **GRANTS** Plaintiff's motion to withdraw its first amended complaint.  Plaintiff may file an amended complaint within (20) calendar days from the date of this Order.

**IT IS SO ORDERED.**

**DATED:** October 4, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

11cv651